COADY et al. v. THATCHER.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

1. EMINENT DOMAIN (§ 320*)—ACQUISITION OF LAND BY MUNICIPALITIES—"VACANT LAND."

Where the owners of certain vacant land constructed buildings thereon without first obtaining approval of the plans, in disregard of Building Code of the City of New York, § 4, and, pending an application, after the completion of the buildings, for a permit to erect the same, under resolution of the board of estimate and apportionment under Greater New York Charter (Laws 1901, c. 466) § 990, the land was condemned, the land was vacant within section 990 of the charter, and title vested immediately in the city.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 851, 852; Dec. Dig. § 320.*

For other definitions, see Words and Phrases, vol. 8, p. 7264.]

2. MANDAMUS (§ 15*)—ILLEGAL BUILDING—APPROVAL OF PLANS.

Where an owner erected buildings in violation of the Building Code of Greater New York, requiring the approval of plans for buildings to be erected, and the superintendent of buildings denied an application for the approval of the plans filed after the qualification of the commissioners of estimate and assessment in proceedings to acquire the land, the owner could not resort to mandamus to compel the approval of the plans and thereby obtain recognition of the existence of the buildings, and impose an added burden on the public.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 15.*]

Appeal from Special Term, Kings County.

Application for mandamus by Robert J. Coady and another against John Thatcher to compel the approval of building plans. From an order denying a motion for a peremptory writ, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

James E. Doherty, for appellants.
William T. Kennedy (John P. O'Brien, on the brief), for respondent.

WOODWARD, J. The applicants in this proceeding for an order directing John Thatcher, as superintendent of buildings for the Borough of Brooklyn, to approve of certain plans filed in his office on or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about the 13th day of May, 1911, were the lessees of the premises in question. The application was duly filed on the date above mentioned, and asked for the approval of the plans of five bungalows. Prior to the filing of this application, and on the 4th day of May, 1911, the board of estimate and apportionment adopted a resolution in the following language:

"Resolved, that the board of estimate and apportionment of the city of New York, in pursuance of the provisions of section 990 of the Greater New York charter, directs that upon the date the commissioners of estimate and assessment, appointed in the aforesaid proceedings, file their oaths, the title in fee to each and every piece or parcel of land lying within the lines of said West Twenty-Fifth street, from Surf avenue to a line distant about 260 feet southerly from and parallel therewith, and comprising all of damage parcels Nos. 89 and 90, in the borough of Brooklyn, city of New York, so acquired shall be vested in the city of New York."

The lands embraced in these two damage parcels constitute the premises involved in this proceeding, and it appears that the applicants had prior to making the application here involved constructed the bungalows, and, while the application was in form one to approve of the plans for buildings to be constructed, it was, in fact, an application for the approval of plans for buildings which had already been constructed in disregard of the provisions of section 4 of the Building Code of the city of New York. The application of May 13th was not acted upon because of certain defects in the description of the premises, but it appears that upon the 26th day of May, 1911, the objections raised by the building department had been met, and that it was expected that a permit would be given on the following day. In the meantime, and on the 26th day of May, 1911, the commissioners of estimate and assessment were duly appointed, and on the following day the said commissioners took their qualifying oaths, and under the terms of the resolution of the board of estimate and apportionment of May 4, 1911, the title to the property vested in the city of New York, and the department of buildings declined to issue the permit for the construction of the buildings.

[1, 2] By the terms of section 990 of the charter of Greater New York (Laws 1901, c. 466), if the premises had no buildings upon it at the time that the commissioners of estimate and assessment became qualified, the title vested in the city of New York. No one questioned this, but it is urged on the part of the applicants that there were buildings upon the premises and that title could not vest until after the expiration of six months, and that it was the duty of the department of buildings to issue the permit. There is no doubt that there were certain buildings upon the premises in question, but it is equally certain that these buildings had been constructed in violation of the provisions of the Building Code of the city of New York, and if the applicants are now permitted by a writ of mandamus to compel the superintendent of buildings to approve of the plans, thus giving legal recognition to the existence of these buildings, it would operate to permit them to take advantage of their own wrongful act, and to impose an added burden upon the public. We think there is a failure to show such a legal right to the relief demanded, and that the learned court at Spe-

cial Term was fully justified in denying the extraordinary relief of a writ of mandamus. The statute, we believe, demands that the buildings erected upon the premises shall be buildings lawfully erected in order to exempt them from the provision relied upon by the city of New York as vesting title immediately, and the applicants, having elected to construct buildings without complying with the provisions of law designed for the preservation of the general welfare of the community, cannot be permitted to have the protection of remedies designed only for the compelling of lawful rights improperly denied.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.